UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                  :
    UNITED STATES OF AMERICA          :
                                                  :          16 Cr. 763-05 (LGS)
                      -against-              :
                                                  :          AMENDED ORDER
    ASHER KATAEV,                          :
                                Defendant.    :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on April 6, 2020, Defendant filed a motion for compassionate release

pursuant to 18 U.S.C. § 3582(c)(1)(A), requesting that the remainder of his sentence be

converted to time served (Dkt. No. 766);

    WHEREAS, on April 9, 2020, the Government responded to the motion, stating that it

does not object to a modification that would convert the remainder of Defendant's sentence to a

term of supervised release, with the added condition of home confinement until his presumptive

release date and with the same conditions previously imposed (Dkt. No. 777);

    WHEREAS, pursuant to a plea agreement dated October 25, 2017, Defendant pleaded

guilty to two charges -- conspiracy to commit mail, wire and healthcare fraud (18 U.S.C. §

1349), and healthcare fraud (18 U.S.C. § 1347) (Dkt. No. 438, 2:13-16).  Under the statute, the

maximum possible sentence was a total of thirty years imprisonment, and three years supervised

release on each count to be served concurrently.  On May 31, 2018, Defendant was sentenced to

36 months' incarceration, to run concurrently on both counts, with supervised release of three

years, also to run concurrently on both counts (Dkt. No. 438, 30:17-21).  Defendant's supervised

release is subject to special conditions, including location monitoring for a period of six months,

which may include electronic monitoring or voice identification (Dkt. No. 416);

WHEREAS, Defendant surrendered to the Bureau of Prisons ("BOP") on July 30, 2018. Dkt. No. 416.  Defendant's motion states that he is scheduled to be released from Otisville FCI on February 16, 2021;

WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus.  The first COVID-19 case in the State of New York was confirmed on February 29, 2020.  *See Coronavirus in N.Y.: Manhattan Woman is First Confirmed Case in State*, at https://www.nytimes.com/2020/03/01/nyregion/new-york-coronvirus-confirmed.html.  As of April 14, 2020, there were over 195,000 confirmed cases in New York.  *See Coronavirus in the U.S.: Latest Map and Case Count*, at https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last viewed April 14, 2020).  Over 10,000 persons have died in New York of the virus and over 23,000 have died nationwide.  *Id.*;

**Exhaustion of Administrative Remedies**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) states,

The court may not modify a term of imprisonment once it has been imposed, except . . . upon motion of the Director of the Bureau of Prison, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

WHEREAS, Defendant has exhausted his administrative remedies.  On December 11, 2019, Defendant's Rabbi[1] submitted a request for compassionate release to the warden of Otisville FCI on behalf of Defendant, who was unable to complete the forms himself due to a lack of English proficiency.  The request went unanswered.  On April 4, 2020 counsel for

---

[1] Defendant asserts that a third-party may appropriately make the request on an inmate's behalf, and the Government does not disagree.

Defendant sought a response to the request.  The Otisville FCI warden still did not respond to the submission, and more than thirty days have elapsed since the request was made.  Defendant represents that the Government communicated with the Otisville FCI authorities, who conveyed that they agree administrative remedies are exhausted as to this request.  The Government does not disagree with this assertion;

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) further provides that the court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission";

WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13, provides that the Court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1–2 (S.D.N.Y. Jan. 15, 2020);

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover,"  U.S.S.G. § 1B1.13, Application Note 1(A), and in certain family circumstances, including the "death or incapacitation of the caregiver of the defendant's minor

child or minor children," *id.* at Application Note 1(C);

WHEREAS, subparagraph D of the Application Notes recognizes that "extraordinary and compelling reasons" for a sentence reduction can exist due to a combination of the reasons outlined in subparagraphs A through C. *Id.* at Application Note 1(D);[2]

WHEREAS, some preliminary research studies have shown that "patients with underlying health conditions and risk factors . . . might be at higher risk for severe disease or death from COVID-19." *Preliminary Estimates of the Prevalence of Selected Underlying Health Conditions Among Patients with Coronavirus Disease 2019 — United States, February 12– March 28, 2020* at http://dx.doi.org/10.15585/mmwr.mm6913e2. Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Dante Stephens*, No. 15 Cr. 95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020);

WHEREAS, Defendant seeks a modification of his sentence on the grounds that he is at higher risk of contracting COVID-19 due to the current outbreak Otisville FCI, that he suffers from chronic sinusitis, which affects breathing, and that these circumstances present "extraordinary and compelling reason" that warrant a sentence reduction. 18 U.S.C. § 2582(c)(1)(A)(i). Defendant's motion states that Otisville FCI has experienced positive COVID-19 virus testing for both inmates and staff. Defendant's doctor has represented that he diagnosed

---

[2] Although this subparagraph of the guidelines indicates that only the BOP director may find extraordinary and compelling reasons not specifically enumerated in the application notes, these guidelines were written at a time before courts were enabled to make decisions on compassionate release motions in general. "[T]he majority of district courts to consider the question have found that the amendments made to 18 U.S.C. § 3582(c)(1)(A) grant this Court the same discretion as that previously given to the BOP Director." *United States v. Lisi*, No. 15 Cr. 457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020), *reconsideration denied*, No. 15 Cr. 457, 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020). For this reason, courts have found that they have the discretion to determine the existence of an extraordinary and compelling reason not specifically enumerated in the application notes. *See id.*

Defendant with chronic sinusitis and recurrent nasal polyposis in 2016.  Defendant's doctor also represents that, in his medical opinion, and in light of his diagnoses, Defendant is "at increased risk of exposure," and Defendant's sinusitis "increases the risk of harmful complications" (Dkt. No. 774).  Defendant is also 51-years old;

WHEREAS, Defendant's motion also seeks a modification of his sentence on the ground that Defendant's wife is disabled and cannot provide adequate care for their ten-year old child with cerebral palsy and periventricular leukomalacia.  Defendant's motion states that their daughter is wheelchair-bound and requires assistance with everyday tasks, including eating and using the bathroom.  Defendant's wife, due to her own severe medical conditions, is unable to lift any weight greater than 20 lbs. without risk of serious injury, and neither is Defendant's sixteen-year old child able to handle the physical work of caretaking.  Due to stay-at-home orders or shut-downs, Defendant states that his elderly parents are also unable to assist. Defendant's wife cannot on her own, under these circumstances, adequately care for a child who requires around-the-clock assistance.  Release is warranted when Defendant is, in effect, the only available caregiver to family members who cannot care for themselves.  *See Lisi*, 2020 WL 881994, at *5 (finding an extraordinary and compelling reason warranting sentence modification where defendant is the only "available" caregiver to his mother, "due to both the apparent incompetence or neglect of her hired aides and her daughter's . . . either inability or complete aversion to helping her," but denying modification on other grounds).  Here, Defendant's unique health and family circumstances together, and in light of the COVID-19 public health crisis, constitute "extraordinary and compelling reasons" to modify Defendant's sentence.  18 U.S.C. § 3582(c)(1)(A)(i);

**Sentencing Factors Under Section 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) further requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment.  These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a);

WHEREAS,  a court may deny a compassionate release motion if, "in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances."  *Lisi*, 2020 WL 881994, at *5.  This is not the case here.  Defendant was convicted of a nonviolent economic crime, and his prior criminal history does not indicate that he is a danger to the community.  Defendant has served a sentence that balances the seriousness of his criminal conduct and his acceptance of responsibility, and the remaining term of incarceration is not such a substantial portion of his sentence that it would override the compelling circumstances found herein.  Defendant also has a re-entry plan in place, involving a return to his wife's home, where he can assist with the care of their disabled daughter.

WHEREAS, the Government asserts that, "[f]ollowing a review of the unique

circumstances faced by this defendant and his family, the Government does not object to a modification of [Defendant's] sentence that would convert the remainder of his incarceratory sentence to a term of supervised release with the same conditions previously imposed, plus the added condition of home confinement until February 16, 2021, which is his presumptive release date";

WHEREAS, Defendant's term of supervised release is currently three years, which is the maximum permissible length of supervised release, as the maximum term of supervised release under each count is three years, and multiple terms of supervised release must run concurrently. *See* 18 U.S.C. §§ 3583(b)(2), 3624(e). It is hereby,

**ORDERED** that, for the foregoing reasons, Defendant's application is GRANTED in part. Defendant's sentence is amended to time served. His term of incarceration shall conclude, and his three-year term of supervised release shall begin forthwith. Defendant's conditions of supervised release are amended so that home incarceration is extended from the previously-imposed six-month period to continue from the time of his release until February 16, 2021, or the remainder of what would have been his incarceratory term.

Defendant is to spend his term of home confinement at his wife's home in Staten Island, New York. During home confinement, Defendant is permitted to leave only for medical appointments, visits with counsel, and to attend to needs of his children, or as otherwise authorized by the Probation Department. Defendant shall provide the probation officer with a proposed itinerary for these activities during home confinement. It is further

**ORDERED** that, upon release, Defendant shall complete fourteen days of self-quarantine in the ground floor unit of the building Defendant's family occupies, per Defendant's proposal for quarantine, and as outlined in the Government's response to the motion (Dkt. No. 777).

Defendant shall not leave the apartment except as authorized in advance by the Probation Department on a showing of medical need.  It is further

ORDERED that home confinement is to be enforced by location monitoring as determined by the Probation Department.  Location monitoring equipment shall be installed as soon as possible after Defendant has completed the fourteen days of self-quarantine.  It is further

ORDERED that, within ten days following release, Defendant must call the Probation Department to schedule an appointment.

The Clerk of Court is respectfully directed to strike Dkt. No. 778.

Dated: April 14, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE